# Exhibit 1

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2019 JUL 31  P 3:25

**www.drrichardkaul.com**

**August 1, 2019**

The Honorable Brian R. Martinotti
District Judge
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

**Re: Kaul v Christie, et al.**
 **Docket No. 16-CV-02364**
 **Request for admission or denial of statements pertaining to the transmission/exchange of information/monies between Judge Martinotti and the defendants.**

For reference purposes:
K1-Kaul v Christie: 16-CV-02364
K2-Kaul v Christie: 18-CV-08086
K3-Kaul v Schumer: 19-CV-13477
K4-Kaul v Stolz: 19-CV-01489 + Appeal: 18-CV-16485
P1-Patel v Allstate: 19-CV-08946
P2-Patel v Allstate: 19-CV-09232

**PLEASE POST TO THE DOCKETS IN ALL OF THE ABOVE CASES**

Dear Judge Martinotti,

I ("Kaul") write this letter to provide you an opportunity to deny or confirm the following statements:

1. I have knowledge that on July 29, 2019 at 1:55 pm EST Kaul sent via e-mail a copy of a motion (copy enclosed) requesting that I certify Kaul's application for interlocutory review of the order ("application") I entered on June 26, 2019.
2. At some point in time between 1:55 pm EST on July 29, 2019 and 10:33 am EST on July 30, 2019, I became aware of the application.
3. At some point in time between 1:55 pm EST on July 29, 2019 and 10:33 am EST on July 30, 2019, there did occur communications (e-mail, text, phone, face-to-face, hand written notes) ("communications") between myself and or agents acting on my behalf, and the defendants and or agents acting on their behalf.

1

4. The communications informed me that Kaul was intending to file the application.
5. Upon becoming aware of the application, I and or agents acting on behalf inquired of the Clerk's Office, as to whether the application had been filed with the Court.
6. Upon becoming aware that the application had not been filed with the Clerk's Office, it became my intention to file an order that dismissed K1, and to order the court docket closed.
7. It was my intention to close the court docket in order to prevent the application from being entered onto the record.
8. My purpose in preventing the entry of the application onto the court record, was to intentionally exclude it from appellate review.
9. I understood that by excluding the application from appellate review, it would lessen the possibility of reversal of my order of dismissal.
10. I understand that the communications between myself and or agents acting on my behalf, and the defendants and or agents acting on their behalf constitute improper and illegal ex-parte interactions.
11. I understand that these improper ex-parte communications are part of a wider series of schemes ("schemes") of bribery and corruption within the United States District Court for the District of New Jersey ("court")
12. I have knowledge and have participated in the schemes.
13. I have knowledge that other judges currently within the court have participated, and do participate, in the schemes.
14. I have knowledge that ex-chief judge, Jose Linares ("Linares") participated in the schemes.
15. I have knowledge that Linares retired on May 16, 2019, because of a letter he received from Kaul and Patel, in which they demanded he disclose his financial holdings and conflicts of interest (copy enclosed).
16. I have knowledge that on May 16, 2019 Linares was made a partner at a New Jersey law firm by the name of McCarter and English.
17. I have knowledge that the law firm of McCarter and English provided the partnership to Linares as part of the scheme, and in return for having provided partial judgments in cases that involved this New Jersey law business.
18. My appointment to the federal bench was sponsored by Senators Robert Menendez and Cory Booker ("senators").
19. I have discussed the above cases with the senators.
20. I have knowledge that the senators have received political campaign donations from some of the defendants in the above cases.
21. I have knowledge that the senators have been promised future political campaign donations from some of the defendants, based on dismissals of the above cases.
22. I have knowledge that defendants Allstate and Geico bribed the senators, as part of a series of quid pro quo schemes purposed to have the cases dismissed.
23. I and or members of my family to the third-degree, have received from the defendants, monies and or other benefits, of both a tangible and intangible nature.

24. I have knowledge that certain judges within the Third Circuit Federal Court of Appeals have received from the defendants, monies and or other benefits, of both a tangible and intangible nature.
25. I did consult and collaborate with Judge Kevin McNulty before I issued my opinion and order dismissing K1.
26. I never had any intention of issuing an opinion that diverged with that issued by Judge McNulty, regardless of the law and facts.
27. I knew that my representations in court on June 26, 2019, were intended to deceive Kaul into thinking that I might not dismiss K1, and to dishonestly impart to the record an appearance of impartiality, for the purposes of appellate review.

I respectfully request that by August 8, 2019, you confirm or deny the above statements. If no responses are produced by this date, your non-response will cause the above statements to be admitted, and I will move accordingly.
I would also respectfully request that you submit to the record in above cases, a copy of form AO 10A, as requested in a letter submitted on July 1, 2019 (copy enclosed).

A copy of this letter, and a letter pertaining to the above matters, as they relate to all judges within the United States District Court for the District of New Jersey, will be sent within the next week.

Thank you in advance for your attention to this matter.


Yours sincerely

Richard Arjun Kaul, MD
cc: All Counsel via e-mail
    Judge Joseph Dickson
    Clerk of the Court

3

**www.drrichardkaul.com**

**July 1, 2019**

The Honorable Brian R. Martinotti
District Judge
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

**Re: Kaul v Christie, et al.**
    **Docket No. 16-CV-02364**
    **Submission of Form AO 10A**

For reference purposes:
K1- Kaul v Christie: 16-CV-02364
K2-Kaul v Christie: 18-CV-08086
K3-Kaul v Schumer: 19-CV-13477
K4-Kaul v Stolz: 19-CV-01489 + Appeal: 2:18-CV-16485

Dear Judge Martinotti,

I write this letter in response to that submitted on June 28, 2019 by the defendants (D.E. 382 Page ID 9290).

However, before I specifically address the defendants' letter, I believe it is important for this record to be appraised of the following substantive and procedural irregularities that occurred in your courtroom on Wednesday June 26, 2019, between approximately 12:15 pm EST and 1:00 pm EST:

1. The court commenced the proceeding by asserting that the case had been dismissed by Judge McNulty.

2. The court then encouraged the defendants to bolster this position, and for approximately ten minutes, counsel for defendant Geico, Barry Levy, advocated, without a hint of equivocality, that the case had indeed been dismissed.

3. The court then turned its ostensibly prejudicial attention to me, in order that I might respond to the defendants' misstatement of the case. My respectful suggestion to

1

summarize the relevant chronology, in order to disprove the defendants falsehood, was curtly and without good cause, obstructed by the court. I was forced to provide a truncated version of the procedural events that occurred subsequent to Judge McNulty's **"rushed reaction to Kaul's motion for summary judgment against Defendant Allstate New Jersey Insurance Company, a fact that explains it's multiple errors of fact and law."** (D.E. 313-1 Page 8422 Para. 97).

4. Despite what appeared to me, and other independent observers of the proceeding to be an effort to hinder my response to the defendants, I brought to the court's attention the fact that the case was not dismissed, but was in fact open. The defendants knew this, and accepted this unrebutted fact, a fact that they could have contested by seeking leave of court to contest, pursuant to Local Rule 7.1(d)(3) (D.E. 341 Page ID 8677). The defendants did not rebut this fact, because they knew the case was and is open: **"The moment Judge McNulty permitted the defendants to respond to 'The McNulty Analysis', was the moment the claims became undismissed, and thus pending … The Court confirmed this position in its order of April 1, 2019: "This order should not be taken as confirmation that there is a final appealable decision" … It is within sixty (60) days from this point, that discovery commences. This is supported in law (D.E. 313 Page ID 8381)…"** (D.E. 341 Page ID 8704).

5. Having argued that the case was open, the court, evidently not having verified this critical detail pre-proceeding, instructed the court clerk to ascertain its status on the court's computer network. This one-minute search confirmed that the case was open, but the court failed to require the defendants explain their misrepresentation.

6. Having established that the case was open, Kaul requested the court grant the twenty-two (22) motions for summary judgment, and or grant discovery and the right to amend the Second Amended Complaint. All of these requests were denied, further and continuing evidence of the defendants'/Court's obstruction of Kaul's prosecution of the case. Kaul has argued since April 2016 that he would not receive **"substantive justice"** in New Jersey and that the case must be transferred out of the District of New Jersey: **"Thus, if Judge McNulty chooses not to disqualify himself, the Court must transfer the case to the S.D.N.Y., and even if he does, the Court must still transfer the case, because it is conflicted and corrupted."** (D.E. 341 Page ID 8705).

7. Kaul requested the court provide reasons for the denials of discovery, summary judgment and amendment, but none were forthcoming. The decisions appeared arbitrary, but Kaul respectfully asserts they were consistent with, and in furtherance of the court's corrupted position and pre-determined strategy to dismiss Kaul's claims. This might explain the not so well concealed, 'the fix is in', joviality displayed by certain members of the defendants' defense team. Regardless, the case was open and the court should have adjudicated Kaul's motions for summary judgment.

8. However, the court administratively terminated Kaul's summary judgment motions, but erroneously requested the defendants provide a list of the documents, upon which it wanted the court to determine what Judge McNulty framed as Kaul's "**motion for reconsideration**", aka, 'The McNulty Analysis' (D.E. 313-1 Page ID 8384). 'The McNulty Analysis' is not a motion for reconsideration (D.E. 313-1 Page ID 8385).

9. On June 28, 2019 the defendants submitted a letter, the contents of which further prove that 'The McNulty Analysis' was and is not a "**motion for reconsideration**". A motion for reconsideration permits only the aggrieved party to submit opposition papers to the order in question. It does not permit any other parties to submit any other documents, and if the court permits such conduct, then the case remains open, and thus the court must timely adjudicate any subsequent or pending motions, in accordance with Rule 1 of the Federal Rules of Civil Procedure. The court in failing to adjudicate Kaul's motions dispositive motions for summary judgment has <u>knowingly</u> committed clear and convincing error. The court's view of Kaul's perceived ignorance of the law, manifested itself in its repeated and tonally derogatory statements regarding Kaul's comprehension of the proceedings. This is consistent with its intentional commission of error i.e. we think Kaul is too stupid to know we are perpetrating a scheme to have the case dismissed.

10. The **only** documents that the court can consider within the confines of a motion for reconsideration are: **(i)** Judge McNulty's opinions (D.E. 300 + 301 + 303 + 304); **(ii)** 'The McNulty Analysis' (D.E. 313-1 Page ID 8385). Judge McNulty, "**permitted the defendants to file opposition papers. The purpose of this was to attempt to improperly mitigate the risk of reversal on appeal, and to improperly mitigate the risk of reversal on appeal … further evidence in support of Kaul's strenuously asserted argument that he would not receive "substantive justice" in New Jersey"**. This court continues the more than seven-year long violation of Kaul's basic human rights, his right to due process, and his right to justice, all of which have been denied in every administrative + state (civil + family) and federal court within the geographic boundaries of New Jersey. This is why K1 + K2 + K3 will be transferred out of this district court.

11. Finally, and unquestionably the most critical element of these proceedings is the as yet unfulfilled obligation of Judge Martinotti to disclose to the record, the Court and Kaul his financial holdings and conflicts of interest. The fact that this information was not placed on the record, in light of all the circumstances of this "**fantastical**" case, causes Judge Martinotti to remain without the proper authority to adjudicate this case. If Judge Martinotti is conflicted or his financial holdings connect him in any manner to any of the defendants or their agents, he must disqualify himself, and can have no further involvement in the case. The law demands that he follow the law in this regard, and submit Form AO 10A. On June 28, 2019 I submitted a letter that requested this information from every judge in the United States District Court for the District of New Jersey (copy enclosed). If this information is not provided by 5 pm EST on Monday July 1, 2019, then K1 + K2 + K3 must, in the interests of justice, be transferred out of the District of New Jersey.

I, therefore, respectfully request that until the above conditions are met, the interests of justice demands this case proceed no further.

I thank you in advance, for your prompt attention to this matter.

Yours sincerely

Richard Arjun Kaul, MD
cc: All Counsel via e-mail
    Judge Joseph A. Dickson
    Clerk of the Court

4

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

**www.drrichardkaul.com**

2019 JUN 28  P 2: 23

**June 27, 2019**

The Honorable Chief Judge Freda Wolfson
United States District Court
District of New Jersey
50 Walnut Street # 4015
Newark, NJ 07102

Re: K1 - Kaul v Christie: 16-CV-02364
    K2 – Kaul v Christie: 18-CV-08086
    P1 – Patel v Crist: 19-CV-08946
    P2 – Patel v Allstate: 19-CV-09232
    Submission to the dockets of form AO10 by judges in the United States District Court for
    the District of New Jersey.

Dear Judge Wolfson,

I write this letter, lieu of a more formal brief, to request that you order Judges Linares and
McNulty to immediately submit onto the court docket their AO 10A financial disclosure/conflict
forms. It is my position that these jurists were bribed by the defendants in the above matters,
as part of a series of quid pro quo schemes, in which Judges Linares and McNulty abused the
authority of the United States District Court, to obstruct my prosecution of the aforesaid cases.

On May 16, 2019, a letter addressed to ex-Chief Judge Linares, was filed onto the P1 court
docket (P1-D.E. 44 Page 851 – copy enclosed), in which I and Plaintiff Patel requested Judge
Linares disclose his financial holdings:

**"We also request, with all due respect, that in light of your involvement in the cases, you
disclose to us, the record and the Court, your financial disclosure statement and a complete
and comprehensive list of any and all conflicts of interest, past or present, that involve you
and any members of your family, to the third-degree."**

Judge Linares failed to provide this information, but instead suddenly retired from the bench
(P1-D.E. 52 Page 960 – copy enclosed):

**"We requested that the information be provided by May 22, 2019, but Chief Judge Linares
retired on May 16, 2019, after only two years in this position, and needless to say, he failed to
submit the conflict and financial disclosure information."**

1

On June 5, 2019 (K1-D.E. 366) the Court appointed Judge Brian Martinotti to the above cases. Judge Martinotti has not yet submitted his financial holdings and any conflicts of interest, and I would request that you order the immediate disclosure of this information.

I would like to re-iterate my position that **"Judges McNulty and Linares have engaged in prolonged patterns of judicial corruption, in which they used the power of the federal bench to improperly and illegally advance their personal commercial agendas ... It is also our position that Judge McNulty ought to be impeached and Judge Linares be subject to criminal investigation..."** (P1-D.E. 52 – copy enclosed).

In furtherance of my frequently repeated claim that I would not receive **"substantive justice"** (United States Court of Appeals for the 2nd Circuit: Case No. 16-1397 Page 4 of 170) in any court within the geographic boundaries of the State of New Jersey, I respectfully request that you order every judge in this court to disclose to the record his or her financial holdings and any conflicts of interest.

I respectfully inform the Court that if the above requested information is not provided by 5 pm EST on Monday July 1, 2019, I will move in the United States Court of Appeals for the Third Circuit for a writ of mandamus, a copy of which will be filed with the United States Supreme Court. I shall also bring this issue to the attention of the President of the United States of America.

A dishonest judiciary is inimical to the good order of society and I imagine its prevalence in the District of New Jersey, would be a political embarrassment to the presidential aspirations of the U.S. Senator from New Jersey, Cory Booker. I believe he and Senator Menendez sponsored the appointment of Judge Martinotti to the federal bench.
I look forward to receiving the above requested information, and I thank you in advance for your prompt attention to these very serious matters.


Yours sincerely

*R Kaul*

Richard Arjun Kaul, MD
cc: All Counsel via e-mail
    Clerk of the Court
    Judge Brian Martinotti

2

May 9, 2019

2019 MAY 10  P 4: 20

DR. HARSHAD PATEL
3725 GEORGE BUSBEE PARKWAY
UNIT #1102
KENNESAW, GA 30144
732 319 3055
Harshadpatel0111@gmail.com

RICHARD ARJUN KAUL, MD
440c SOMERSET DRIVE
PEARL RIVER, NY 10965
201 989 2299
drrichardkaul@gmail.com

The Honorable Jose L. Linares
Chief Judge
United States District Court
District of New Jersey
50 walnut Street #4015
Newark, NJ 07102

Re: Patel v Crist, et al
    Docket No. 19-CV-08946 – P1
    Patel v Allstate , et al
    Docket No. 19-CV-09232 – P1

For reference purposes:
Kaul v Christie: 16-CV-02364 – K1
Kaul v Christie: 18-CV-08086 – K2
Kaul v Schumer: 19-CV-3046 – K3

Dear Judge Linares,

We write this letter to bring to the Court's attention, that on May 8, 2019, a motion for the judicial disqualification of Judge Kevin McNulty was filed in K1 + K2, and that this therefore precludes Judge Kevin McNulty from any further involvement in the case, be it administrative, ministerial, or judicial.

It is also our position, as is similarly stated in 'The McNulty Disqualification', that Judge McNulty is conflicted, as he and his law firm, K3 defendant, Gibbons, PC, remain commercial beneficiaries of the defendants. We believe that this conflict is evidenced by the fact that the cases, after having been transferred on March 25, 2019 to the United States District Court for

1

the District of New Jersey (D.E. 22), and assigned to Judge Freda Wolfson, were then, on March 27, 2019, transferred to Judge Kevin McNulty. The Court provided no reason to justify this transfer, and we respectfully assert that the purpose is exactly that detailed in 'The McNulty Disqualification' i.e. judicial corruption + bribery.

Judge McNulty, since having the cases come under his remit, has not, as the law requires, disclosed to either us, the record or the Court his financial disclosure statement, or indeed his conflicts of interest, past or present. We consider this to be evidence that he is in fact conflicted, and is thus prohibited from any further involvement in the cases.

We also request, with all due respect, that in light of your involvement in the cases, you disclose to us, the record and the Court, your financial disclosure statement and a complete and comprehensive list of any and all conflicts of interest, past or present, that involve you and or any members of your family, to the third-degree. We believe it to be a conflict of interest that your son, Jose L. Linares, is employed by the law firm of Walsh + Pizzi + O'Really + Falanga, a law firm whose principal is married to the Clerk of the Court, William Walsh, and one that represents defendant Hackensack University Medical Center and Robert Garrett in K1 + K2.

We respectfully request that the aforementioned information be provided by May 22, 2019 by the close of business in your court.

In full recognition of your esteemed position within the judicial body of the United States of America, and of your purpose to do justice, we assert that because of the **"politico-legal"** nexus that undeniably connects the federal judiciary with the body politic, it would not serve the interests of justice to have any of the above cases litigated in any court, within the geographic boundaries of New Jersey. At the heart of these matters are located state actors, state agencies and the state itself, the interests of which are interminably intertwined with the interests of New Jersey lawyers + state judges + New Jersey based federal judges. Simply, as a point of historical interest, the untenability of such a situation was recognized in Spain, after the fall of Franco, when members of the Guarda Civil and Spanish federal judiciary were assigned to provinces in which they had no connections with the local community. This remains the case today, and for good reason, and it was because of this political impartiality that it was a Spanish Judge, Baltasar Garzon, who had General Augusto Pinochet arrested, in 1998, in London for his crimes against humanity. This is the standard to which all jurisprudence should compare itself.

With regards to crimes against humanity, K2 defendant, Christopher J. Christie is no stranger (D.E. 296-11 Page 6973).

It is thus therefore, proper and consistent with the interests justice to have the above cases adjudicated in district courts not within the geographic boundaries of New Jersey, and we would respectfully request that you transfer P1 + P2 back to the United States District for the Northern District of Georgia, no later than May 22, 2019.

We thank you for your attention to this matter.

2

Yours sincerely

*R.Kaul*

Dr. Harshad Patel

Richard Arjun Kaul, MD

cc: All Counsel of record
Clerk of the Court

DR. HARSHAD PATEL
3725 GEORGE BUSBEE PARKWAY
UNIT #1102
KENNESAW, GA 30144
732 319 3055
Harshadpatel0111@gmail.com
06-03-2019

RICHARD ARJUN KAUL, MD
440c SOMERSET DRIVE
PEARL RIVER, NY 10965
201 989 2299
drrichardkaul@gmail.com

U S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2019 JUN -3  P 2: 47

The Honorable Chief Judge Freda Wolfson
United States District Court
District of New Jersey
50 Walnut Street #4015
Newark, NJ 07102

**Re: Patel  v Crist, et al**
   **Docket No. 19-CV-08946 – P1**
   **Patel v Allstate , et al**
   **Docket No. 19-CV-09232 – P1**

For reference purposes:
Kaul v Christie: 16-CV-02364 – K1
Kaul v Christie: 18-CV-08086 – K2
Kaul v Schumer: 19-CV-3046 – K3

Dear Judge Wolfson,

Ex-1

On May 9, 2019 we sent a letter (copy enclosed) to recently retired Chief Judge, Jose Linares, in which we requested that he provide to us, the record and the Court, a copy of his AO10 financial disclosure form, and a **"complete and comprehensive list of any and all conflicts of interest, past or present"** that involved either Judge Linares or any members of his family to a third degree. This letter was filed in the late drop box by Dr. Patel on May 10, 2019, but has still not appeared on the docket. We requested that the information be provided by May 22, 2019, but Chief Judge Linares retired on May 16, 2019, after only two years in this position, and needless to say, he failed to submit the conflict and financial disclosure information.

In this letter we also raised the issue that Judge McNulty, since taking assignment of K1 on April 19, 2016, had failed to disclose his conflicts of interest and financial holdings, and in the context

1

of the facts that underpin the disqualification of Judge McNulty, we interpret these omissions as evidence of his conflicted state.

On May 2, 2019 I electronically submitted a REQUEST FOR EXAMINATION OF REPORT FILED BY A JUDICIAL OFFICER OR JUDICIAL EMPLOYEE (copy enclosed), pertaining to Judge McNulty and ex-Chief Judge Linares. *EX-2*

It is our position that Judges McNulty and Linares have engaged in prolonged patterns of judicial corruption, in which they used the power of the federal bench to improperly and illegally advance their personal commercial agendas. We suspect that this misconduct has been in existence for many years, and has involved many cases, and likely led to many injustices, in both civil and criminal cases. It is also our position that Judge McNulty ought to be impeached, and Judge Linares be subject to an independent criminal investigation, and we will ensure that these events come to pass. No one is above the law, particularly those to whom it is entrusted by society.

We would therefore respectfully request that by June 22, 2019, we be provided with a complete and comprehensive list of all of Judge McNulty and Linares' conflicts of interest and financial holdings, dating back to 2003 for Judge Linares and 2012 for Judge McNulty. We also respectfully request that we be provided with a complete list of all cases over which Judges McNulty and Linares have presided, for the same respective time periods.

We thank you for your consideration.

Yours sincerely

Dr. Raghunda Patel

*R Kaul*

Richard Arjun Kaul, MD

cc: All Counsel of record
    Clerk of the Court
    Judge Steven C. Mannion

2

# Exhibit 1

May 9, 2019

DR. HARSHAD PATEL
3725 GEORGE BUSBEE PARKWAY
UNIT #1102
KENNESAW, GA 30144
732 319 3055
Harshadpatel0111@gmail.com

RICHARD ARJUN KAUL, MD
440c SOMERSET DRIVE
PEARL RIVER, NY 10965
201 989 2299
drrichardkaul@gmail.com

U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2019 JUN -3  P  2: 48

The Honorable Jose L. Linares
Chief Judge
United States District Court
District of New Jersey
50 walnut Street #4015
Newark, NJ 07102

Re: Patel  v Crist, et al
    Docket No. 19-CV-08946 – P1
    Patel v Allstate , et al
    Docket No. 19-CV-09232 – P1

For reference purposes:
Kaul v Christie: 16-CV-02364 – K1
Kaul v Christie: 18-CV-08086 – K2
Kaul v Schumer: 19-CV-3046 – K3

Dear Judge Linares,

We write this letter to bring to the Court's attention, that on May 8, 2019, a motion for the judicial disqualification of Judge Kevin McNulty was filed in K1 + K2, and that this therefore precludes Judge Kevin McNulty from any further involvement in the case, be it administrative, ministerial, or judicial.

It is also our position, as is similarly stated in 'The McNulty Disqualification', that Judge McNulty is conflicted, as he and his law firm, K3 defendant, Gibbons, PC, remain commercial beneficiaries of the defendants. We believe that this conflict is evidenced by the fact that the cases, after having been transferred on March 25, 2019 to the United States District Court for

1

the District of New Jersey (D.E. 22), and assigned to Judge Freda Wolfson, were then, on March 27, 2019, transferred to Judge Kevin McNulty. The Court provided no reason to justify this transfer, and we respectfully assert that the purpose is exactly that detailed in 'The McNulty Disqualification' i.e. judicial corruption + bribery.

Judge McNulty, since having the cases come under his remit, has not, as the law requires, disclosed to either us, the record or the Court his financial disclosure statement, or indeed his conflicts of interest, past or present. We consider this to be evidence that he is in fact conflicted, and is thus prohibited from any further involvement in the cases.

We also request, with all due respect, that in light of your involvement in the cases, you disclose to us, the record and the Court, your financial disclosure statement and a complete and comprehensive list of any and all conflicts of interest, past or present, that involve you and or any members of your family, to the third-degree. We believe it to be a conflict of interest that your son, Jose L. Linares, is employed by the law firm of Walsh + Pizzi + O'Really + Falanga, a law firm whose principal is married to the Clerk of the Court, William Walsh, and one that represents defendant Hackensack University Medical Center and Robert Garrett in K1 + K2.

We respectfully request that the aforementioned information be provided by May 22, 2019 by the close of business in your court.

In full recognition of your esteemed position within the judicial body of the United States of America, and of your purpose to do justice, we assert that because of the **"politico-legal"** nexus that undeniably connects the federal judiciary with the body politic, it would not serve the interests of justice to have any of the above cases litigated in any court, within the geographic boundaries of New Jersey. At the heart of these matters are located state actors, state agencies and the state itself, the interests of which are interminably intertwined with the interests of New Jersey lawyers + state judges + New Jersey based federal judges. Simply, as a point of historical interest, the untenability of such a situation was recognized in Spain, after the fall of Franco, when members of the Guarda Civil and Spanish federal judges were assigned to provinces in which they had no connections with the local community. This remains the case today, and for good reason, and it was because of this political impartiality that it was a Spanish Judge, Baltasar Garzon, who had General Augusto Pinochet arrested, in 1998, in London for his crimes against humanity. This is the standard to which all jurisprudence should compare itself.

With regards to crimes against humanity, K2 defendant, Christopher J. Christie is no stranger (D.E. 296-11 Page 6973).

It is thus therefore, proper and consistent with the interests justice to have the above cases adjudicated in district courts not within the geographic boundaries of New Jersey, and we would respectfully request that you transfer P1 + P2 back to the United States District for the Northern District of Georgia, no later than May 22, 2019.

We thank you for your attention to this matter.

2

Yours sincerely



Dr Harshad Patel

cc: All Counsel of record
    Clerk of the Court

R Kaul

_____

Richard Arjun Kaul, MD

3

# Exhibit 2

 Gmail

## Request for financial disclosure statements

**Richard Kaul** <drrichardkaul@gmail.com>                                              Thu, May 2, 2019 at 6:25 PM
To: CommitteeonFinancialDisclosure@ao.uscourts.gov

Dear Sir/Madam,

Please find attached the following document:

1. Request for financial disclosure statements for:
a. Judge Kevin McNulty - United States District Judge for the District of New Jersey.
b. Chief Judge Jose Linares - United States Chief Judge for the District of New Jersey.

Thank you in advance

Regards,

Richard Arjun Kaul, MD

www.drrichardkaul.com

---

📎 **190502-Request Financial Disclosure-McNulty + Linares.pdf**
569K

AO 10A (Rev. 03/17)

# REQUEST FOR EXAMINATION OF REPORT FILED BY A JUDICIAL OFFICER OR JUDICIAL EMPLOYEE

In accordance with section 105 of the Ethics in Government Act of 1978, as amended, I request that the report of the following named Judicial Officers or Judicial Employees be sent to me in electronic form. By checking this box, I am requesting a paper copy rather than an electronic copy ☐ *(See instructions).*

| NAME | POSITION | YEAR(S) REQUESTED |
|---|---|---|
| Kevin McNulty - District Judge | United States Court for the DNJ | 2012-2019 |
| Joseph Linares - Chief Judge | United States Court for the DNJ | 2002-2019 |

**NAMES OF INDIVIDUALS WHOSE DISCLOSURE REPORTS ARE REQUESTED**

| ORGANIZATIONS OR PERSONS ON WHOSE BEHALF THIS REQUEST IS MADE | NAME | ADDRESS |
|---|---|---|
| | Richard Arjun Kaul, MD | 440c Somerset Drive, Pearl River, NY 10965 |

**PROHIBITIONS**

I understand that the statute makes it unlawful to obtain or use this or these reports for: any unlawful purpose; any commercial purpose other than by news and communication media for dissemination to the general public; determining or establishing of the credit rating of any individual; or use, directly or indirectly, in the solicitation of money for any political, charitable, or other purpose (5 U.S.C. App. 4 § 105(c)).

I understand that whoever, in any manner within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document, knowing the same to contain any materially false, fictitious, or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both (18 U.S.C. § 1001).

I am aware of the prohibitions on the obtaining and use of this information, as are stated above, and that this request for examination is a matter of public record.

**PERSON MAKING REQUEST**

Name:
Richard Arjun Kaul, MD
Phone Number:
201 989 2299
Mailing Address:
440c Somerset Drive, Pearl River, NY 10965

Occupation:
Currently unemployed
Email Address:
drrichardkaul@gmail.com

I certify under penalty of perjury that the foregoing is true and correct (28 U.S.C. § 1746)

Signature

May 2, 2019

Date executed