NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RICHARD ARJUN KAUL, M.D.,** | Civil Action No. 18-8086 (JMV) (JAD) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **CHRISTOPHER J. CHRISTIE, ESQ., et al.,** | |
| **Defendants.** | |

**JOSEPH A. DICKSON, U.S.M.J.**

This comes before the Court by way of Plaintiff's informal application to reinstate this matter. (ECF No. 84). Pursuant to Federal Rule of Civil Procedure 78, the Court resolves this issue without oral argument. Upon careful consideration of the parties' submissions, as well as the balance of the dockets for both this matter and Civil Action No. 16-2364 (Kaul v. Christie, et al.); and for the reasons set forth below; Plaintiff's informal application is **DENIED WITHOUT PREJUDICE**. This case shall hereby remain **CLOSED** pending resolution of Plaintiff's appeal in Civil Action No. 16-2364. Plaintiff's motion to amend, (ECF No. 80), is **DENIED WITHOUT PREJUDICE** to Plaintiff's ability to re-file it, with leave of Court, if this matter is reinstated.

## I.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY

To properly evaluate the propriety of maintaining a stay, the Court must address the general factual background and relevant procedural history for both this case – Civil Action No. 18-8086 (Kaul v. Christie, et al.) ("Kaul 2") – and its predecessor, Civil Action No. 16-2364 (Kaul v. Christie, et al.) ("Kaul 1"). As the Court presumes the parties' familiarity with these cases, it will

focus on what it perceives to be the key points germane to its decision on whether to reinstate the Kaul 2 matter.

In both cases, Plaintiff alleges that he is a pioneer in the field of minimally invasive spinal surgery. (See Kaul 1 Sec. Am. Compl. ¶¶ 37-45; Kaul 2 Compl. ¶ 38).[1] Plaintiff contends that he successfully developed and performed revolutionary procedures in that field, which drew the attention of competing surgeons, as well as hospitals, insurance companies, and others, each of which/whom had an economic incentive to see Plaintiff fail. (See, e.g., Sec. Am. Kaul 1 Compl. ¶¶; Kaul 2 Compl. ¶ ). Plaintiff alleges that Defendants engaged in several related, wide-ranging conspiracies designed to discredit him, strip him of his medical license, destroy his businesses, and ultimately drive him out of the minimally invasive spinal surgery industry. (See generally Sec. Am. Kaul 1 Compl; Kaul 2 Compl.).

Plaintiff commenced Kaul 1 by filing a Complaint in the United States District Court for the Southern District of New York on or about February 22, 2016. (Kaul 1 Compl., ECF No. 1 in Kaul 1). The Southern District of New York transferred Kaul 1 to the District of New Jersey by Order dated April 19, 2016. (Apr. 19, 2016 Order, ECF No. 19 in Kaul 1). Plaintiff filed an Amended Complaint on June 8, 2016, (ECF No. 57 in Kaul 1), and Defendants filed a global motion to dismiss Plaintiff's claims on November 23, 2016. (ECF No. 128 in Kaul 1). By Order dated June 30, 2017, the Hon. Kevin McNulty, U.S.D.J. resolved that motion, dismissing Plaintiff's Amended Complaint in its entirety. (ECF No. 201 in Kaul 1). Judge McNulty's June 30, 2017 Order specified that, while His Honor was dismissing certain of Plaintiff's claims with

---

[1] When describing Plaintiff's allegations in Kaul 1 and Kaul 2, the Court will refer to the latest operative pleading in each case: Plaintiff's Second Amended Complaint in Kaul 1 (ECF No. 241 in Civil Action No. 16-2364) and Plaintiff's Complaint in Kaul 2 (ECF No. 2 in Civil Action No. 16-8086).

prejudice, he was also affording Plaintiff the opportunity to file another amended pleading that endeavored to salvage the remainder of his claims. (Id.). In the following months, Plaintiff attempted to file his amended pleading on multiple occasions. (ECF Nos. 204, 209, 214, 231, 239). With leave of Court, (ECF No. 238 in Kaul 1), Plaintiff ultimately filed his Second Amended Complaint on May 11, 2018. (Sec. Am. Kaul 1 Compl., ECF No. 241 in Kaul 1). Defendants filed multiple motions to dismiss that pleading in August 2018. (ECF Nos. 257, 258, 259, 260, 263 in Kaul 1).

On April 9, 2018, while Kaul 1 remained pending, Plaintiff filed Kaul 2 in the United States District Court for the Southern District of New York, (Kaul 2 Compl., ECF No. 1 in Kaul 2), which transferred the case to the District of New Jersey by Order dated April 11, 2018. (Apr. 11, 2018 Order, ECF No. 3 in Kaul 2). A comparison of the pleadings in Kaul 1 and Kaul 2 reveals that, while certain of the parties are different, the two matters share such significant overlap that they are essentially the same case. Indeed, while there are various minor differences, Plaintiff's claims, and the factual allegations underlying those claims, are functionally identical in both matters. Some additional context is necessary to illustrate how Kaul 2 fits into the overall puzzle. At the time Plaintiff filed Kaul 2, Judge McNulty had already entered His Honor's June 30, 2017 Order dismissing Plaintiff's Amended Complaint in Kaul 1. Plaintiff's Complaint in Kaul 2 nevertheless included certain claims that Judge McNulty had already dismissed with prejudice in Kaul 1. (Compare Feb. 22, 2019 Opinion, ECF No. 300 in Kaul 1; Feb. 22, 2019 Order, ECF No. 201 in Kaul 1 with Kaul 2 Compl., ECF No. 1 in Kaul 2). Moreover, Kaul 2 was still in its relative infancy when Defendants moved to dismiss Plaintiff's Second Amended Complaint in Kaul 1. Given the overlap between the two cases, and the significantly more advanced procedural status of Kaul 1, the Hon. Steven Mannion, U.S.M.J. ultimately entered an Order staying and

administratively terminating Kaul 2 pending the resolution of "the last motion to dismiss" in Kaul 1. (Oct. 2, 2018 Order, ECF No. 58 in Kaul 2).

At this point, the procedural interplay between Kaul 1 and Kaul 2 becomes both complex and critically important. By Opinion and Order in Kaul 1 dated February 22, 2019, Judge McNulty dismissed Plaintiff's federal claims with prejudice and dismissed the balance of Plaintiff's claims in that case without prejudice (declining to exercise supplemental jurisdiction over those state law-based causes of action). (See generally Feb. 22, 2019 Opinion, ECF No. 300 in Kaul 1; Feb. 22, 2019 Order, ECF No. 201 in Kaul 1). By letter dated March 8, 2019, Plaintiff requested that Magistrate Judge Mannion lift the stay and administrative termination in Kaul 2. (March 8, 2019 Letter, ECF No. 63 in Kaul 2). While that request was pending, however, Plaintiff filed his application for reconsideration of Judge McNulty's February 22, 2019 Order in Kaul 1, placing the finality of that decision back into question. (Pl. March 18, 2019 Letter, ECF No. 313 in Kaul 1). By Order dated July 29, 2019, the Hon. Brian R. Martinotti, U.S.D.J.[2] denied Plaintiff's application for reconsideration, and Ordered that Kaul 1 be closed. (ECF No. 385 in Kaul 1). Plaintiff has appealed both Judge McNulty's February 22, 2019 Order and Judge Martinotti's July 29, 2019 Order to the United States Court of Appeals for the Third Circuit. (ECF No. 395 in Kaul 1). That appeal remains pending before the Third Circuit, under Docket Number 19-3113. By letter dated August 12, 2019, Plaintiff wrote directly to Chief Judge Wolfson, requesting that Her

---

[2] Judge McNulty recused himself from Plaintiff's cases by Memorandum and Order dated May 22, 2019. (ECF No. 340 in Kaul 1, ECF No. 68 in Kaul 2). By Order dated June 5, 2019, the Hon. Freda L. Wolfson, Chief Judge, reassigned both Kaul 1 and Kaul 2 to Judge Martinotti and the undersigned. (ECF No. 366 in Kaul 1; ECF No. 69 in Kaul 2.

Honor reinstate Kaul 2. (ECF No. 84 in Kaul 2). Chief Judge Wolfson referred that informal application to Judge Martinotti. (ECF No. 90 in Kaul 2).[3] To date, Kaul 2 remains closed.

That closure, however, has done little to staunch the flow of substantive filings in Kaul 2. On July 23, 2019, Plaintiff filed a motion seeking leave to file an amended pleading. (ECF No. 80 in Kaul 2). By letter dated August 15, 2019, Defendants argued that Judge McNulty's February 22, 2019 decision in Kaul 1 foreclosed Plaintiff's claims in Kaul 2 and requested that the Court implement a streamlined process (i.e., letter briefing rather than a formal motion to dismiss) to adjudicate that issue. (ECF No. 86 in Kaul 2). With leave of Court, Defendants submitted a letter brief on September 6, 2019, arguing that the doctrine of "res judicata bars all of Plaintiff's federal claims against those Defendants named in Kaul 1", and that the District Court should dismiss Plaintiff's state law claims for lack of subject matter jurisdiction. (Sept. 6, 2019 Letter at 3, ECF No. 91 in Kaul 2). Plaintiff opposed Defendants' request by letter dated September 27, 2019. In that submission, Plaintiff argued, in essence, that his proposed amended complaint in Kaul 2 contains new factual allegations premised on previously unavailable information. (See generally Sept. 27, 2019 Letter, ECF No. 93 in Kaul 2). Plaintiff also included a table summarizing how he believed his proposed amended complaint in Kaul 2 rectified the shortcomings that Judge McNulty identified when dismissing Plaintiff's claims in Kaul 1. (Id. at 2-5). As Kaul 2 remains closed, the Court has not yet addressed the res judicata issue.

## II.   LEGAL DISCUSSION

"It is well-established that 'the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time

---

[3] The Court notes that Chief Judge Wolfson has since reassigned Kaul 1 and Kaul 2 to the Hon. John M. Vazquez, U.S.D.J. and the undersigned. (ECF No. 404 in Kaul 1; ECF No. 100 in Kaul 2).

and effort for itself, for counsel, and for litigants.'" Depomed Inc. v. Purdue Pharma L.P., Civil

Action No. 13-571 (JAP), 2014 U.S. Dist. LEXIS 102109, at *5 (D.N.J. July 25, 2014) (quoting

Landis v. North Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). Compiling and

considering relevant case law, one Judge in this District has observed:

> Courts generally weigh a number of factors in determining whether
> to grant a stay including: "(1) whether a stay would unduly
> prejudice or present a clear tactical disadvantage to the non-moving
> party[,]"; (2) whether denial of the stay would create "a clear case
> of hardship or inequity" for the moving party; (3) "whether a stay
> would simplify the issue and the trial of the case[,]"; and (4)
> "whether discovery is complete and/or a trial date has been set."

Akishev v. Kapustin, 23 F. Supp. 3d 440, 446 (D.N.J. 2014) (brackets in original) (internal

citations omitted). "However, additional considerations arise depending on the circumstances for

which the movant requests a stay." Id. For instance, "[w]here a stay is sought pending resolution

of purportedly related litigation . . . courts consider whether resolution of the related litigation

would substantially impact or otherwise render moot the present action." Id. "Consequently, if

another litigation is pending, courts may, after balancing these factors, 'hold one lawsuit in

abeyance to abide the outcome of another which may substantially affect it or be dispositive of the

issue.'" Id. (quoting Bechtel Corp. v. Laborers' Int'l Union, 544 F.2d 1207, 1215 (3d Cir. 1976))

(emphasis in original). In all situations, courts must remain "mindful that the stay of a civil

proceeding constitutes 'an extraordinary remedy.'" Id. at 445 (quoting Walsh Sec., Inc. v. Cristo

Prop. Mgmt. Ltd., 7 F. Supp.2d 523, 526 (D.N.J. 1998).

This matter has been stayed (and administratively closed) since October 2, 2018. (Oct. 2,

2018 Order, ECF No. 58 in Kaul 2). The Court must, therefore, balance the relevant factors to

determine if a stay is still prudent considering the recent developments discussed herein. The

Court concludes that it is.

The Court first finds that maintaining the stay at least until the Third Circuit resolves Plaintiff's appeal in Kaul 1 will simplify, and perhaps eliminate the need for, Kaul 2. If the Court of Appeals reverses the District Court's decisions in Kaul 1, then that case will be reinstated. In that scenario, Kaul 2 would almost certainly be consolidated into Kaul 1, given the extensive overlap between the two cases.[4] A reversal would also render Defendants' res judicata arguments moot, thereby eliminating an entire round of dispositive motion practice. If the Court of Appeals instead affirms the District Court's decisions in Kaul 1, that determination will certainly provide clarity on the res judicata issue. Regardless of how the Third Circuit resolves Plaintiff's appeal, its decision will simplify Kaul 2, and educate the District Court on how best to proceed. This factor weighs heavily in favor of maintaining the stay.

The Court next examines the relative impact that a continued stay would have on the parties. Akishev, 23 F. Supp. 3d at 446. As discussed in the preceding paragraph, the Third Circuit's decision will either significantly streamline Kaul 2 or render it duplicative. In either case, a continued stay would conserve the parties' resources, and help to safeguard them against the risk of inconsistent decisions on similar, if not identical, issues. While an extended stay may delay the resolution of this case, it makes little sense to push forward with costly, potentially needless, and confusing litigation for the sake of keeping busy. These considerations also weigh in favor of continuing the stay, as do related concerns about judicial economy.[5]

---

[4] Plaintiff has himself indirectly confirmed that overlap. In his September 27, 2019 letter, Plaintiff sought to explain how his proposed amended pleading in Kaul 2 rectified the shortcomings that Judge McNulty identified when dismissing Kaul 1. (Sept. 27, 2019 Letter at 2-5, ECF No. 93 in Kaul 2). Judge McNulty's analysis in Kaul 1 would, obviously, only be relevant to Kaul 2 if both cases involved the same claims.

[5] Principles of judicial economy are particularly important in the District of New Jersey, given its ongoing sextuple judicial emergency.

Finally, the Court must account for the procedural posture of the case, such as whether the parties have already completed discovery or whether the Court has set a date for trial. Id. Despite its age, this case has been administratively closed since October 2, 2018, and has not yet progressed past the pleadings stage. The parties have not commenced discovery, let alone finished it, and any potential trial remains far off on the horizon. This factor is therefore neutral to the Court's analysis.

On balance, the Court finds that the relevant factors weigh overwhelmingly in favor of maintaining the stay in this case.

III.    **CONCLUSION**

Based on the foregoing, Plaintiff's informal application to reinstate this matter, (ECF No. 84), is **DENIED WITHOUT PREJUDICE**. This matter shall hereby remain **CLOSED** pending final resolution of Plaintiff's appeal in Kaul 1. Any party may thereafter make an appropriate application to reinstate this case. Plaintiff's motion for leave to file an amended complaint, (ECF No. 80), is **DENIED WITHOUT PREJUDICE** to Plaintiff's right to re-file that application, with leave of Court, if this matter is reinstated. An appropriate form of Order accompanies this Opinion

_____  2|27|20
JOSEPH A. DICKSON, U.S.M.J.

cc:     Hon. John M. Vazquez, U.S.D.J.